IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA GERACE, | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) No. 16 C 721 |
| | ) |
| JULIE ANDREWS, | ) |
| | ) |
| Defendant/Counter-Plaintiff. | ) |

MEMORANDUM OPINION AND ORDER

This action is the latest spate of litigation in an ongoing series of lawsuits between Linda Gerace ("Gerace") and her sister, Julie Andrews ("Andrews"). In this suit, Gerace asserts claims against Andrews for defamation and breach of fiduciary duty. In response, Andrews filed a counterclaim seeking an equitable accounting under Illinois law. Gerace has moved to dismiss Andrews's counterclaim on the ground that it is barred by res judicata. Indeed, in a separate motion, Gerace maintains that the counterclaim is so obviously precluded that Andrews should be sanctioned under Rule 11 of the Federal Rules of Civil Procedure for bringing it. For the reasons explained below, I dismiss Andrews's counterclaim. However, the dismissal is without prejudice to Andrews's right to file an amended

counterclaim that cures the defects identified below. Gerace's motion for Rule 11 sanctions is denied.

## I. Background

In July 2010, Andrews and Gerace jointly purchased from their mother two businesses located in Maple Park, Illinois -- Sycamore Speedway & Associates ("SSA"), a race track used for auto racing and other sporting and entertainment events; and Winner's Circle & Associates ("WCA"), a bar and restaurant (SSA and WCA together, "the businesses"). Andrews resides in Florida and Gerace resides in Illinois. Each purchased a fifty-percent share of the businesses and agreed to split the profits equally. Unfortunately, the venture proved ill-fated, and within a few years it had given rise to multiple lawsuits, in both state and federal court.

The first of these suits (and the only one whose preclusive significance is relevant here) was brought by Andrews against Gerace and other defendants in 2013. *Andrews v. Gerace, et al.*, No. 13 cv 01521 (N.D. Ill. filed Feb. 27, 2013) (the "2013 suit"). The complaint alleged that Gerace and other defendants had stolen profits from the businesses and had prevented Andrews from any participating in, or obtaining information about, the businesses' operations. The complaint asserted six causes of action: (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) conspiracy to violate RICO; (3)

2

fraud; (4) conspiracy to commit fraud; (5) unjust enrichment; and (6) breach of fiduciary duty.[1]

In a September 15, 2014 opinion, Judge Shah[2] dismissed some of Andrews's claims with prejudice and dismissed others without prejudice for lack of standing.[3] *Andrews v. Gerace*, No. 13 CV 1521, 2014 WL 4627383 (N.D. Ill. Sept. 15, 2014) (the "Sept. 2014 Opinion"). Judge Shah allowed Andrews's fraud count to go forward, but later granted the defendants summary judgment as to

---

[1] In addition to Andrews's 2013 suit against Gerace, an action was filed on behalf of the businesses naming both Andrews and Gerace as defendants. *Sycamore Speedway & Associates et al v. Andrews et al.*, No. 13 MR 448 (Cir. Ct. Kane Cty., Ill. filed May 2, 2013) (the "Kane County suit"). The complaint requested a declaratory judgment that Andrews was the *de facto* secretary of the businesses and that Gerace was their *de facto* president. The Kane County suit also sought injunctive relief forbidding Andrews from interfering with the management or operations of the businesses. Andrews removed the action to federal court. *Sycamore Speedway & Associates et al v. Andrews et al.*, No. 13-cv-3530 (N.D. Ill. removed May 10, 2013). In a minute order, Judge Pallmeyer dismissed the case "without prejudice as duplicative of an earlier filed action, and because it was filed . . . by an attorney who has a patent conflict of interest." *Sycamore Speedway & Associates et al v. Andrews et al.*, No. 13-cv-3530 (N.D. Ill. June 18, 2013) (Doc. #10). Although Judge Pallmeyer advised the parties to bring their claims in the already-pending 2013 suit, neither party did so. Instead, Gerace filed another suit in federal court, *Gerace v. Andrews*, No. 13 CV 5965 (N.D. Ill. filed Aug. 21, 2013), seeking essentially the same relief as that sought in the Kane County suit. In addition, Gerace sought reorganization of the businesses and the return of approximately $45,000 that Andrews had allegedly misappropriated. *Id*. Judge Shah dismissed the suit *sua sponte* for lack of jurisdiction. *Gerace v. Andrews*, No. 13 CV 5965, 2014 WL 4637126, at *3 (N.D. Ill. Sept. 15, 2014).
[2] The case originally was assigned to Judge Zagel but was reassigned to Judge Shah. *Andrews v. Gerace, et al.*, No. 13 cv 01521 (N.D. Ill. 2013) (Doc. #82).
[3] Essentially, Judge Shah dismissed with prejudice Andrews's conspiracy-to-defraud claim insofar as it was asserted against Gerace, and Andrews's breach-of-fiduciary duty claim as to all defendants other than Gerace. All other claims aside from Andrews's fraud claim (e.g., her RICO, RICO conspiracy, and unjust enrichment claims) were dismissed for lack of standing.

3

that claim. *See Andrews v. Gerace et al.*, No. 13 cv 01521 (N.D. Ill. Sept. 28, 2015) (the "Summary Judgment Order," the "Sept. 2015 Order"). In his summary judgment ruling, Judge Shah noted that Andrews, who at the time was proceeding *pro se*, had failed to file a statement under Northern District of Illinois Local Rule 56.1 in opposition to Gerace's Statement of Material Facts. *Id*. at 2-3. Furthermore, Judge Shah observed that "many of the materials [Andrews] has submitted, even if considered, are unauthenticated, lack foundation or contain hearsay." *Id*. at 3. Consequently, Judge Shah held that "Andrews has not met her burden of showing that there exists sufficient evidence for a jury to find in her favor on her claim of promissory fraud." *Id*.

While the suit before Judge Shah was still pending, Gerace filed the instant suit against Andrews in the Circuit Court of Cook County, asserting claims for defamation and breach of fiduciary duty. *Gerace v. Andrews*, No. 2015-L-001052 (Cir. Ct. Cook Cnty., filed Jan. 30, 2015). The complaint alleges, among other things, that Andrews sent letters to Gerace's family and employer falsely accusing Gerace of embezzlement and corporate theft. Compl. ¶¶ 3-4. The complaint also alleges that Andrews breached her fiduciary duty by refusing to sign an application for the renewal of the businesses' liquor license. *Id*. ¶ 5.

Andrews removed the suit to this Court and asserted a counterclaim against Gerace seeking an equitable accounting

4

under Illinois law.[4] *Gerace v. Andrews*, No. 16 C 721 (N.D. Ill. removed Jan. 18, 2016). Specifically, Andrews requests that Gerace provide her with "a complete accounting of all bank accounts, cash assets, or other assets of [the businesses]," and that Gerace provide her "full and complete records to trace the income and disbursement and distribution of [the businesses'] funds." Countercl. ¶ 25. Gerace contends that, in light of the 2013 suit, Andrews's counterclaim is barred by res judicata.

## II. Discussion

Under Illinois law,[5] res judicata applies where three conditions are present: "(1) a final judgment on the merits

---

[4] The removal was based on the Court's diversity jurisdiction. *See* Notice of Removal ¶ 7.

[5] Although the parties ultimately agree -- correctly -- that state rather than federal law supplies the rule of decision for purposes of this motion, they accuse one another of confusion on the matter. The issue is largely academic because -- as both parties also correctly observe -- federal and state law are identical with respect to the doctrine of res judicata. *See, e.g.*, *Brown v. Chrysler Fin. Servs.*, 218 F. App'x 536, 539 (7th Cir. 2007) ("In Illinois, the requirements for *res judicata* are virtually identical to those under federal law."); *Diversified Fin. Sys., Inc. v. Boyd*, 678 N.E.2d 308, 310 (1997) ("The elements of *res judicata* are the same under federal and Illinois law."). Nevertheless, because the parties' discussion of the issue has muddied the doctrinal waters somewhat, clarification on this point is necessary.

The Supreme Court has stated that "[t]he preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). "For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Id.* at 891 & n.4. In federal-question cases, however, courts apply the federal common law of preclusion. *Id.* at 891 ("For judgments in federal-question cases . . . courts participate in developing "uniform federal rule[s]" of res judicata."). In the 2013 suit, the court initially possessed both federal-question jurisdiction (based on the RICO and RICO conspiracy counts) and diversity jurisdiction (because the parties were diverse

5

rendered by a court of competent jurisdiction, (2) the same cause of action, and (3) the same parties or their privies." *Chicago Title Land Trust Co. v. Potash Corp. of Saskatchewan Sales*, 664 F.3d 1075, 1079 (7th Cir. 2011) (quotation marks omitted). Where these elements are present, res judicata "will bar not only every matter that was actually determined in the first suit, but also every matter that might have been raised and determined in that suit." *Id*. (quotation marks omitted). Gerace contends that Andrews's equitable accounting claim is precluded because she could have asserted it in the 2013 suit but failed to do so. Since Gerace and Andrews were parties to the 2013 suit, there is no dispute that requirement (3) is met. My discussion therefore focuses requirements (1) and (2).

**A. Adjudication on the Merits**

Res judicata's preclusive effect applies to a later suit only where there has been a final adjudication on the merits in the prior suit. *See, e.g.*, *Chicago Title*, 664 F.3d at 1079. "For the purposes of res judicata, the definition of a judgment on

---

and the amount in controversy exceeded $75,000). At first blush, this might appear to raise a choice-of-law issue. However, by the time Judge Shah ruled on the summary judgment motion in the September 2015 Order, all of Andrews's claims had been dismissed except for her state-law fraud claim. By that juncture, therefore, the court's jurisdiction was predicated solely on diversity. *Andrews v. Gerace*, No. 13 CV 1521, 2014 WL 4627383, at *10 (N.D. Ill. Sept. 28, 2014). Since federal courts look to state preclusion rules where the rendering court sits in diversity, I apply Illinois law in deciding this motion.

the merits is one which is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction, or form." *Harper Plastics, Inc. v. Amoco Chemicals Corp.*, 657 F.2d 939, 943 (7th Cir. 1981) (quotation marks omitted); *Seinfeld v. Bays*, 595 N.E.2d 69, 74 (1992).

Judge Shah's September 2015 Order granting Gerace summary judgment on Andrews's fraud claim is a final judgment on the merits. The Summary Judgment Order's concluding language makes this abundantly clear: "This is a final decision ending Andrews's case in this court. If Andrews wishes to appeal, she must file a notice of appeal with the district court within thirty days of the entry of judgment." *Id.* at 4.[6]

Andrews argues that the Summary Judgment Order did not constitute an adjudication on the merits because the court's ruling was based on Andrews's failure to comply with Local Rule 56.1(b)(3). According to Andrews, a party's compliance with Local Rule 56.1 "is a quintessential rule of 'practice,' 'procedure,' and 'form,'" and thus the September 28, 2015 Order did not go to the merits of her claim. Resp. Br. at 6. Indeed, she claims that "Judge Shah explicitly stated that he did not

---

[6] In her response brief, Andrews is also at pains to argue that the September 2014 Opinion ruling on Gerace's motion to dismiss did not result in a judgment on the merits as to several of Andrews's claims. While she is correct on this point, the relevant order for purposes of this motion is the 2015 Summary Judgment Order.

7

consider the merits because Andrews did not 'cite and present her evidence in a particular way to allow both her opponent and the court to understand her claim.'" Resp. Br. at 3 (citing Summary Judgment Order at 4).

This is simply an inaccurate characterization of the Summary Judgment Order. The grant of summary judgment was not a technical or automatic sanction for Andrews's procedural failure, and Judge Shah never suggested -- explicitly or implicitly -- that he did not consider the merits of Andrews's claim. On the contrary, in light of Andrews's failure to file a Rule 56.1 statement, Judge Shah deemed Gerace's statements of material fact to have been admitted. *See* Sept. 28, 2015 Order at 4. He then proceeded to examine Andrews's claim on the merits and concluded that "Andrews has not met her burden of showing that there exists sufficient evidence for a jury to find in her favor." *Id*. Moreover, despite Andrews's failure to comply with Rule 56.1, Judge Shah went on to examine the evidence Andrews had submitted and stated that "many of the materials she has submitted, even if considered, are unauthenticated, lack foundation or contain hearsay." *Id*. at 3. In short, Judge Shah's grant of summary judgment was based on Andrews's failure to adduce sufficient evidence in support of her claim. A disposition of a claim based on a lack of evidence is the very definition of an adjudication on the merits. *See Black's Law*

8

*Dictionary* (10th ed. 2014) (defining "judgment on the merits" as "[a] judgment based on the evidence rather than on technical or procedural grounds").

The sole case that Andrews cites in support of her position, *Downing v. Chicago Transit Authority*, 642 N.E.2d 456 (1994), is inapposite. The question presented in *Downing* was whether a grant of summary judgment based purely on statute of limitations grounds was an adjudication on the merits for res judicata purposes. The Illinois Supreme Court held that it wasn't. *Id*. at 460 ("We disagree that a summary judgment, 'by definition,' means a judgment on the merits. Although a judgment on the merits will oftentimes be the reason for granting summary judgment, this is not always the case. When a summary judgment is granted because the statute of limitations has run, the merits of the action are never examined."). Here, summary judgment on Andrews's claim was not based on statute of limitations grounds, and as already discussed, Judge Shah *did* examine the claim's merits. In short, then, the 2015 Summary Judgment Order constituted a final judgment on the merits.

**B. Identity of Causes of Action**

A claim is barred by res judicata only where it is identical to a claim that was litigated, or could have been litigated, in a prior action. *Chicago Title*, 664 F.3d at 1079. "To determine whether there is an identity between claims for

9

purposes of *res judicata,* Illinois uses a 'transactional test.'" *Franklin v. City of Chicago Police Dep't*, 175 F. App'x 740, 741 (7th Cir. 2005).[7] "[U]nder that test, claims that assert different legal theories are considered to be identical if they arise from a single set of operative facts." *Id*.

Andrews's equitable accounting claim arises out of the same group of operative facts as the claims asserted in her 2013 suit. The counterclaim is based on Gerace's alleged attempts to deny Andrews access to information about the businesses. For example, Andrews alleges in the counterclaim that "from on or about August 2010 . . . Gerace has had, and continues to have, control over the manner in which the books, records, reports, and other financial records relating to SSA and WCA are prepared, maintained, stored, transmitted and communicated," and that "[s]ince 2010. . . Gerace has refused to allow . . . Andrews access to the books records, reports, and other financial documents of SSA and WCA." Countercl. ¶¶ 19-20.

Essentially the same allegations undergird the RICO and other claims asserted in Andrews's 2013 suit. For example, the amended complaint in the 2013 suit alleges that, "[b]eginning in 2010 and continuing to the present, [defendants] conspired to

---

[7] Federal courts also apply the transactional test. *See, e.g.*, *Metcalf v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 587 F. App'x 719, 722 n.4 (3d Cir. 2014) ("The federal law of preclusion also employs a transactional approach to res judicata.").

10

take and have taken control of and sought to deny and have effectively denied [Andrews] all access to cash, profits . . . and all books, records, reports, financial documents and other evidence which would reveal to [Andrews] some of the schemes of the Enterprise." Am. Compl. ¶ 33; *see also id.* ¶ 1 (accusing Gerace and other defendants of "concealing information concerning, destroying evidence of, and creating and providing to others fraudulent evidence relating to cash, earnings, profits and other assets which belong to [Andrews]").

Andrews next argues that there is no identity between her equitable accounting claim and the causes of action asserted in the 2013 suit "because the facts necessary to prove each of the claims are quite distinct from one another." *Id*. But under the transactional test, it is necessary only that the claims arise out of a common core or nucleus of operative facts. That different facts or evidence may be needed to prove the claims does not mean that they are not identical under the transactional test. As the Illinois Supreme Court has explained, "[t]he transactional test permits claims to be considered part of the same cause of action even if there is not a substantial overlap of evidence, so long as they arise from the same transaction." *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (1998).

However, Andrews goes on to state that "much of the conduct giving rise to [her] instant counterclaim for an accounting occurred after the filing of the prior lawsuit, and/or after Judge Shah's September 15, 2014 Order dismissing many of the claims and as recently as fall 2015[.]" Resp. Br. at 10. This assertion, if true, might enable Andrews to sidestep the res judicata bar, for it is well-settled that "[r]es judicata does not bar a suit based on claims that accrue after a previous suit was filed." *Smith v. Potter*, 513 F.3d 781, 783 (7th Cir. 2008); *Taylor v. Police Bd. of City of Chicago*, 2011 IL App (1st) 101156, ¶ 23; *see also* 18-131 Moore's Federal Practice § 131.22 (Matthew Bender 3d ed. 2015). The problem is that Andrews's assurances regarding the relevant time period are not borne out by the counterclaim's allegations. To the extent that any of the relevant conduct can be tied to dates, the counterclaim is premised on conduct dating back to between 2010 and 2012. *See* Countercl. ¶¶ 20, 22. Even if "much of the conduct" occurred after the filing of the 2013 suit, the counterclaim is foreclosed to the extent that it includes conduct predating the earlier suit.

For these reasons, I grant Gerace's motion to dismiss Andrews's counterclaim. The dismissal is without prejudice, however, because Andrews's representations in her response brief suggest that she may be able to amend her counterclaim to

encompass conduct occurring only after the 2013 suit. So amended, the counterclaim would no longer be barred.

If Andrews seeks to amend her counterclaim, however, she also should bear in mind that an equitable accounting claim generally may lie only where the party asserting it has no adequate remedy at law. *See, e.g.*, *TEKsystems, Inc. v. Lajiness*, No. 12 C 10155, 2013 WL 3389062, at *6 (N.D. Ill. July 8, 2013); *Compak Cos., LLC v. Johnson,* No. 03 C 7427, 2011 WL 1654269 at *18 (N.D. Ill. Apr.28, 2011); 1 Am. Jur. 2d *Accounts and Accounting* § 52 (2016); 1A C.J.S. *Accounting* § 9 (2016). This is a potential problem because Andrews herself comes close to asserting that she may have a remedy at law. Specifically, Andrews suggests at one point that she is entitled to relief under Illinois' Business Corporation Act of 1983. 805 ILCS 5/7.75. The Act provides: "Any . . . shareholder of record shall have the right to examine . . . at any reasonable time or times, the corporation's books and records of account, minutes, voting trust agreements filed with the corporation and record of shareholders, and to make extracts therefrom, but only for a proper purpose." 805 ILCS 5/7.75(b). The Act further provides for a cause of action where a corporation refuses to allow a shareholder to examine corporate records. *See* 805 ILCS 5/7.75(c) ("If the corporation refuses examination, the shareholder may file suit in the circuit court of the county in

which either the registered agent or principal office of the corporation is located to compel by mandamus or otherwise such examination as may be proper."). To the extent that Andrews is able to obtain relief under the Business Corporations Act, her equitable accounting claim is foreclosed.[8]

In a similar vein, Andrews also suggests that she might be able to obtain relief through conventional discovery practice. *See* Resp. Br. at 12 ("Ordering Gerace to produce such an accounting would require her to do only slightly more than she will otherwise have to do in discovery in this matter."). If Andrews is able to obtain the information she seeks by these means, her equitable accounting claim fails. *See, e.g.*, *Romano v. Site Acquisitions, Inc.*, No. 15-CV-384-AJ, 2016 WL 50471, at *4 (D.N.H. Jan. 4, 2016) ("[P]laintiffs have not established a need for accounting as the exact same information could be found in future discovery. Therefore, although it may be cheaper, faster and easier to file a petition in equity for discovery than to ... seek normal discovery, the plaintiffs have a plain, adequate and complete remedy at law.") (brackets omitted); *see also Bradshaw v. Thompson*, 454 F.2d 75, 79 (6th Cir. 1972) ("An accounting is a species of disclosure, predicated upon the legal inability of a plaintiff to determine how much, if any, money is

---

[8] I express no opinion here regarding the merits or viability of a cause of action under 805 ILCS 5/7.75.

14

due him from another. It is an extraordinary remedy, and like other equitable remedies, is available only when legal remedies are inadequate . . . . [T]he procedures of the Federal Rules for causes at law were fully adequate to provide the relief sought by the appellant.").

Thus, any amended counterclaim must not only be limited to conduct occurring after the filing of the 2013 suit but also must make clear that Andrews has no adequate remedy at law for the relief she seeks by means of an equitable accounting.

**C. Gerace's Rule 11 Motion**

Although Andrews's counterclaim must be dismissed, the foregoing discussion makes clear that the claim is not frivolous. Accordingly, Gerace's motion for Rule 11 sanctions is denied.

**III. Conclusion**

For the reasons set forth above, Andrews's counterclaim is dismissed without prejudice and Gerace's motion for Rule 11 sanctions is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: May 23, 2016