# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LINDA GERACI, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 C 721 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| JULIE ANDREWS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The parties in this case have filed cross-motions to compel discovery, with both sides resorting to the nuclear option of asking for a default judgment/dismissal of the case as a sanction for their opponent's claimed recalcitrance. Before proceeding further it should be noted that the motions and that dismissal of a complaint as a discovery sanction was, of course, within the district court's undoubted authority. Therefore, the briefs do not address the question of whether a magistrate judge as a discovery sanction can dismiss a Complaint or whether he is restricted solely to a Report and Recommendation. The case was then sent here, and there is a significant question in this Circuit whether a magistrate judge has the authority to issue a dismissal or a default judgment as a discovery sanction. The parties quite properly assumed the district judge possessed that power and thus did not address the scope of my authority. But that may become a very real question. *See* discussion and cases cited in Jeffrey Cole*, The Seventh Circuit's Prohibition Against Magistrate Judges Issuing Sanctions Under Rule 37*, The Circuit Rider (April 2013). For now, however, the parties need not address the issue.

Seeking dismissal of a Complaint (or default) as a sanction is often extreme. It is especially extreme – and improper – where the parties have never discussed their differences over their discovery requests and responses, as they are required to do. And that is precisely what the respective motions show. It is simply not an option either to ignore each other or to let one side thwart the obligations each party has.

Under Fed.R.Civ.P. 37(a)(1), all motions seeking to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The court has discretion to deny any discovery motion filed without such certification. *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000). While the federal rule is clear, Local Rule 37.2 is more specific:

> this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

N.D.Ill. 37.2.

Neither party has included any such certification with their motions. Indeed, based on their submissions, neither side has even attempted – never mind attempted in good faith – to comply with the federal rule or the local rule. Defendant's counsel tells us that when discovery issues came up, he wrote opposing counsel a letter on January 20, 2017. [Dkt. # 42, at 5]. Prior to that, his only contact with opposing counsel on these issues was a November 23, 2016 email. [Dkt. #42-6, at 1].

2

Similarly, plaintiff's counsel's only attempt to communicate regarding these discovery disputes has been through multiple emails during the first week of March 2017. [Dkt. # 45, Ex. A]. Local Rule 37.2 makes it plain that letters and emails don't count, and with good reason. Letters and emails are easily ignored. *See Infowhyse GmbH v. Fleetwood Grp.*, No. 15 CV 11229, 2016 WL 4063168, at *1 (N.D. Ill. July 29, 2016); *Slaven v. Great Am. Ins. Co.*, No. 11 C 7993, 2014 WL 4470723, at *2 (N.D. Ill. Sept. 11, 2014); *O'Toole v. Sears, Roebuck & Co.*, 302 F.R.D. 490, 491 (N.D. Ill. 2014).

The history of the apparent non-responses by defense counsel's emails is disturbing. The recourse in such a case is to seek judicial intervention not to be the silent victim of what is claimed to be impermissible conduct. What neither side has done, based on their submissions, is to have picked up the telephone and either had a meaningful and good faith conversation or arranged a face-to-face meeting where they could discuss comprehensively the discovery at issue. That is contrary to the discovery provisions of the Federal Rules of Civil Procedure and to the obligations that each party and their lawyers owe not only to the court but to their opponents. *See Mommaerts v. Hartford Life & Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007); *Landerman v. Tarpon Operating and Development*, L.L.C., 2014 WL 6332824, 2 (E.D.La. 2014); *Pioneer Drive, LLC v. Nissan Diesel America, Inc.*, 262 F.R.D. 552, 554 (D.Mont. 2009). As Learned Hand said in another context, "[j]ustice is not a game." *United States v. Paglia*, 190 F.2d 445, 448 (2nd Cir.1951). No wonder protracted discovery is deemed the bane of modern litigation. *Rossetto v. Pabst Brewing Co., Inc.*, 217 F.3d 539, 542 (7th Cir. 2000).

Counsel for the parties are directed to meet within two weeks of this order, and confer *in good faith* regarding the discovery requests at issue; they are not to write emails or, given their history in this case thus far, merely speak on the telephone. The two law firms are several blocks

3

from one another, and it is not too much to ask that they meet with each other and follow the Federal Rules of Civil Procedure and the Local Rules. If, in the unlikely even they are unable to resolve their differences, they must file a joint certification containing a detailed statement of their efforts to resolve their disputes over each one of the requests at issue, along with the time spent on each request. The statement must also include their final positions, supported by pertinent authority, on each request that remains in dispute.

The statement should be sufficiently detailed to allow a real appreciation of the parties' efforts, and allow the court to determine whether they actually did confer in good faith. Only then will any further motions to compel be considered. *See* the procedure outlined in *Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.*, No. 05 C 5488, 2007 WL 2713352, at *4 (N.D. Ill. Sept. 12, 2007).

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 5/5/17